Nash, J.
 

 The only points, presented by the case, for our review, are the opinions expressed by his Honor below, as to the character and effect'of the non-suit entered as to the intestate, Crawford, in the original suit on the note against Glass and himself, and the portion of the charge relating to the management of the suit, in Chat-ham against Crawford. We concur with his Honor as to the first; the entering the non-suit, as set forth, was ho
 
 retraxit. Tidd's Pr.
 
 175. 1st.
 
 Strange
 
 439. As to the. other point we do not agree with him. The charge is ‘ that if the jury believed that the testator, Glass, had undertaken the defence of the suit against his surety, and conducted it so negligently and unskilfully, that a recovery was had against the surety, then he would be answerable for the money, so recovered of and paid by his surety, and that his death, before the termination of the suit, made no difference.” There was no evidence of an agency to go to the jury. The declaration of Glass, as stated
 
 *121
 
 in the case, was that he had been to Chatham to attend to the suit against Crawford. Every witness who goes to Court to give his testimony in a case, goes to attend on that suit; and his compensation is, by the law, designated to be for his attendance at Court. But if there was evidence to show that Glass had undertaken the de-fence of the suit, there was none to show any negligence in the management of it by him, and surely none, which took place after his death, could affect him. When it was his declaration was made, at what stage of the case, whether at the return turn or a subsequent one, we are not informed. He died before the termination of the suit. If he had lived until the trial, no doubt the evidence of his payment of the debt, for which Crawford was his surety, would have been before the jury. This is satisfactorily shown by his declaration, that Crawford was his surety and his estate should not suffer.
 

 Per Curiam Judgment reversed and a
 
 venire de novó
 
 awarded.